IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAYLA THOMAS, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:11-cv-245-WKW |
| | ) | (WO) |
| NANCY BUCKNER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The first complaint in this case was filed on April 4, 2011, by five individuals. (Doc. # 1). The defendants were state and local human resource agencies and officials. The plaintiffs alleged they were notified that, based on reports of child abuse or neglect, an investigation found reasonable cause to believe that the reports were indicated true. The plaintiffs' names were placed on a quasi-public state registry of persons "indicated" as child abusers. The plaintiffs claimed that their rights were violated because they were not given an opportunity for a hearing to exonerate themselves. As will be described, all of the plaintiffs' claims in this court were ultimately dismissed. Two of the plaintiffs did receive state agency administrative hearings at which they prevailed, and now those two plaintiffs claim

they are entitled to attorney fees because under 42 U.S.C. § 1988, they are prevailing parties.  As the court will explain, they are wrong.

   **A.   Procedural History.**   After the original complaint was filed, the defendants[1] filed a motion to dismiss.  (Doc. # 21).  When the plaintiffs filed a response to the motion, they also filed a motion to amend their complaint.  (Doc. # 32).  On September 13, 2011, the court in a memorandum opinion (doc. # 41) dismissed all claims against the Alabama Department of Human Resources and the Shelby County Department of Human Resources; dismissed all claims against three of the individual defendants for failure to state a claim upon which relief can be granted; dismissed counts I, II, III, and IV of the complaint without prejudice for failure to state a claim upon which relief can be granted and dismissed the plaintiffs' equal protection claim for lack of subject matter jurisdiction.  The court further granted the plaintiffs' motion to amend subject to limitations which the court characterized as follows:

> First, Plaintiffs may seek prospective relief against the official capacity defendants to the extent that Plaintiffs can allege a sufficient constitutional injury.  Second, Plaintiffs (in particular, Ms. Raney) may allege claims against defendants in their personal capacities if there is a sufficient basis in fact and law to do so.

---

[1] The original defendants were Karol M. Beck, Nancy Buckner, Jessica Foster, Kim Mashego, Renicia Swoopes, the Alabama Department of Human Resources and the Shelby County Department of Human Resources.

The amended complaint was filed on September 29, 2011. Two of the original plaintiffs were not included, and they were terminated as parties. On October 7, 2011, the two remaining defendants filed another motion to dismiss. (Doc. # 43). On September 11, 2012, the court entered a second lengthy memorandum opinion (Doc. # 47) which granted the motion to dismiss as to (a) the federal claims against the defendants in their individual capacities (Count 1); (b) Count 2; and (c) the state law monetary claims against defendants in their official capacities (Counts 5, 6, and 7). The court denied the motion to dismiss as to the procedural due process claim against the defendants for prospective relief in their official capacities (Count 1) and the state law claims against Defendants in their individual capacities (Counts 5, 6, and 7). The court further dismissed Counts 3 and 8 because those counts were prayers for relief that had been incorrectly enumerated as causes of action and were redundant because they already been included in the amended complaint's prayer for relief. "In sum, Court 1 remains against Defendants in their official capacities for prospective relief and Courts 4, 5, and 6 remain against Defendants in their official capacities for prospective relief and in their individual capacities." (Doc. # 47 at 25). The court also entered a scheduling order (doc. # 53) setting the case for trial.

One of the three remaining plaintiffs, Haley Ponder, was dismissed for want of prosecution because she failed to appear for a deposition. (Doc. # 71). Then, on

November 19, 2013, the two remaining defendant officials filed a motion to stay all

proceedings.  (Doc. # 73).

> The Defendant's (sic) provide notice to the Court that, without
> admitting any liability, or conceding any defenses in reference to this
> this action, the Department of Human Resources had decided to provide
> both remaining Plaintiff's (sic) (Kayla Thomas and Joan Raney) with
> full adversarial due process Administrative Child Abuse and neglect
> Hearings presently set January 29, 2014 . . . The Defendant's (sic)
> believe that resolving these two hearing (sic) will ultimately resolve the
> underlying due process claim that remains in this action without
> further discovery, litigation, or Court involvement. However, the
> Plaintiff's (sic) request that the deadlines previously imposed by the
> Court be stayed . . . pending resolution of the Administrative Hearings
> regarding Thomas and Raney. Defendant's (sic) contend that the
> requested relief complies with the Federal Rules of Civil Procedure
> "to secure the just, speedy, and inexpensive determination of the
> underlying action," without undue continued litigation. Furthermore,
> undersigned can provide monthly status updates to the Court regarding
> the status of the pending Administrative Hearings regarding Thomas
> and Raney.

(*Id.* at 2).

Over the plaintiffs' opposition, (doc. # 74) the court granted the motion to stay

pending the outcome of the administrative proceedings.  On August 26, 2014, the

parties notified the court that hearings had been held and that in both cases an

Administrative Law Judge issued an opinion concluding that the agency did not

prove by a preponderance of the evidence that abuse or neglect occurred and that the

abuse and neglect report would be marked as not indicated.  (Doc. # 86).  After

considering further briefing by the parties, on January 26, 2016, the court entered an

opinion (doc. # 93) and final judgment (doc. # 94) dismissing the federal claims with

prejudice and the remaining state law claims without prejudice.  On February 11, 2016, the plaintiffs filed their motion for attorney fees and costs (doc. # 95) which has been fully briefed and is now ripe for resolution.

      **B. Discussion.**  The seminal question before the court is whether the plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 1988.  Generally, a prevailing party is one who has been given some relief by a court, resulting in some change in the legal relationship between the plaintiff and the defendant. *See Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 - 05 (2001).  A litigant is not a prevailing party when his suit only stirs the government to action, rendering the suit moot, because no relief is obtained on the merits of the claim. *See id.* at 605.  Unquestionably, this lawsuit resulted in the defendants providing to the plaintiffs an administrative hearing which resulted in achieving a result they desired.  But that is not enough to show that the plaintiffs are prevailing parties.

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.

*Buckhannon*, 532 U.S. at 605.

      As explained above, the court ultimately *dismissed* all of the plaintiff's claims. No action taken by the court resulted in an enforceable alteration of the legal

relationship of the parties brought about by means of judicial decree. "[O]nly a party who obtains a judgment on the merits or a similar court-ordered change in the parties' legal relationship, such as a consent decree, may be considered a 'prevailing party' for purposes of a fee award." *Loggerhead Turtle v. County Council of Volusia Cty, Fla.*, 307 F.3d 1318, 1323 - 24 (11th Cir. 2002).

Relying on *Smalbein v. City of Daytona Beach*, 353 F.3d 901 (11th Cir. 2003), the plaintiffs argue they are entitled to fees because they have achieved some of the benefit they sought. *Smalbein* provides no solace to the plaintiffs. That case involved a private settlement agreement "between the parties [which] was incorporated by reference into the order of dismissal and the court retained jurisdiction to enforce the terms of the settlement agreement . . . [which] judicially altered the legal relationship of the parties, and thus functioned as the equivalent of a consent decree . . ." *Smalbein*, 353 F.3d at 905-06. A bargained for settlement agreement is not the equivalent of unilateral, voluntary action by the defendants which is what occurred here.

The plaintiffs also argue that the "Final Decision entered by the ALJ are (sic) a judgment delivered in plaintiff's favor; or, at a minimum, are something similar to a judgment." (Doc. # 95 at 9). Based on this characterization, the plaintiffs argue that they are entitled to fees because the ALJ's decision resulted in an alteration of

the legal relationship of the parties.  That may be, but the state administrative decision is not relief ordered by this court.  This argument lacks merit.

This court did not award any relief to the plaintiffs on the merits of their claims and did not place a judicial imprimatur on any change in their legal relationship. Thus, the plaintiffs are not prevailing parties for the purpose of 42 U.S.C. § 1988. The motion for attorney fees should be denied.   Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for attorney fees (doc. # 95) be denied.  It is further

ORDERED that on or before May 25, 2016 the parties shall file any objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ CɪR. R. 3-1.  *See*

*Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of May, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE